ANSTEAD, Judge.
Appellant, Lewis Phillips, appeals the entry of a summary judgment against him in a personal injury case, wherein he sought to establish an employer’s liability for the wilful, off-duty acts of an employee. We affirm.
FACTS
Phillips sought to hold Edwin P. Stimp-son Co., Inc. liable for injuries received in an altercation with Bobby Holloway when Holloway threw acid on him. The facts are set forth in a stipulated statement agreed to by the parties:
The Appellant, LEWIS PHILLIPS, was injured on March 12, 1987, when BOBBY HOLLOWAY threw acid (Holloway depo p. 15, 47) upon him outside HOLLOWAY’S room at the Booker T. Motel, owned and operated by co-defendants who are not parties to this appeal. HOLLOWAY admits he intentionally threw the acid at the Appellant because he felt threatened by the Appellant as a result of an argument (Holloway depo p. 60-61). HOLLOWAY had obtained the acid from his employer, Appellee, EDWIN P STIMPSON CO., for the purpose of keeping the toilet and bathtub of his apartment unclogged. (Holloway depo p. 60). He took the acid in a bottle not provided by or obtained from STIMPSON (Holloway depo p. 16-17). The Complaint was filed on January 12, 1990.
EDWIN P. STIMPSON CO., INC., is in the business of plating and rivets. HOLLOWAY was employed in the plating department where sulfuric and muriatic acids are used to clean the units. When HOLLOWAY applied for employment with STIMPSON, he admitted having been in prison for selling narcotics in 1968,19 years before the subject incident occurred. STIMPSON employed full-time security guards at the employees’ entrance by the time clock to check the employees as they entered and exited the building. No guards were posted where the acid was stored.
On the morning of the day Appellant was injured, and after HOLLOWAY had been employed by Appellee for approximately three years, HOLLOWAY notified STIMPSON for the first time that he had a drug problem involving smoking *1073 marijuana away from his job. (Holloway depo p. 21). He requested admission to the Coral Springs Care Unit for Rehabilitation, as a result of which a call was made by another of STIMPSON’s employees to make sure that HOLLOWAY’S insurance through STIMPSON would cover the treatment. HOLLOWAY was immediately given a leave of absence. HOLLOWAY never checked into the Care Unit due to this incident which occurred later that evening. HOLLOWAY denied that STIMPSON had any knowledge of his drug useage(sic) until the morning of this incident when he was given a leave of absence. (Holloway depo p. 11, 22). STIMPSON summarily fired HOLLOWAY the following day.
HOLLOWAY had been arrested for aggravated assault six months before the subject incident approximately seven blocks from where he worked. He bonded out, never went to trial, and there is no evidence that STIMPSON was made aware of this arrest. (Holloway depo p. 27). In the three years during which HOLLOWAY had worked for STIMP-SON, he never had a disagreement with anybody. (Holloway depo p. 41).
On September 13, 1990, Stimpson filed its Motion for Summary Judgment which was granted on November 7, 1990. It is from that judgment that PHILLIPS appeals.
LAW
A motion for summary judgment may be granted only if there is no genuine issue of material fact, and the facts establish that the movant is entitled to a judgment as a matter of law. In considering such a motion, all factual inferences from the evidence must be resolved in favor of the party against whom the motion is made. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985).
Under appropriate circumstances an employer may be held liable for its negligence in employing or retaining an employee who may constitute a danger to others. See Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744 (Fla. 1st DCA 1991). Phillips asserts two predicates for Stimpson’s liability: negligence in the dispensing of acids and “allowing known drug addicts to have access to them”; and negligence in allowing someone with a criminal record to have access to the acids.
We agree with Stimpson that knowledge of Holloway’s criminal record for narcotics from nineteen years prior, is simply insufficient notice to Stimpson that Holloway might abuse his access to company materials, and subsequently act in the manner he did to injure Phillips. We also fail to see how Stimpson’s knowledge of, and assistance in, helping Holloway receive treatment for his drug problem would put Stimpson on notice of the kind of problem that later occurred.
The second charge against Stimpson is predicated on its knowledge of Holloway’s criminal past and “dangerous criminal propensities.” We have already noted our view that notice of a nineteen year old criminal record for narcotics would not place Stimpson on notice that a criminal assault with acid might occur, and there is no evidence that Stimpson knew of Holloway’s assault six months earlier. In fact, it is undisputed that Holloway had never had a disagreement with anybody at work. This would indicate that Stimpson did not know, or have reason to know, of any propensity by Holloway for criminal assault.
It is also conceded that the acid was taken and used by Holloway for the purpose of keeping his toilet and sink unclogged. In addition, the confrontation between Phillips and Holloway occurred after work hours away from Stimpson’s premises, and at a time when Holloway had been placed on an indeterminate leave of absence. In essence, the only connection between the employer and the incident is that the employer was the source of the acid. There is no basis, however, for concluding that the employer was on notice, or had reason to know that the employee might act in some improper manner concerning his access to acids or other employment duties.
*1074 In sum, whatever notice Stimpson had concerning Holloway is insufficient to constitute a basis for Stimpson’s liability for Holloway’s action. Under these circumstances we find no error by the trial court in entering judgment summarily for Stimp-son.
DOWNEY and POLEN, JJ., concur.